UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER FRANKLIN,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | Case No.  2:22-cv-00825-TLN-JDP (HC)<br><br>ORDER THAT PETITIONER'S MOTIONS TO STRIKE, REQUEST FOR CLARIFICATIONS, MOTION FOR EXTENSION OF TIME, AND MOTION TO AMEND ARE DENIED AS MOOT<br><br>ECF Nos. 23, 28, 34, 37, & 38<br><br>FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 25 |

Petitioner Christopher Franklin, a state prisoner represented, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves to dismiss the petition, ECF No. 25, arguing that state court proceedings were ongoing at the time this action was filed. Petitioner has opposed the motion. ECF No. 32.

No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

Respondent argues that petitioner's conviction is not final because, on July 27, 2021, the state appellate court remanded the case to the trial court for resentencing. ECF No. 25 at 2; ECF No. 26-3 at 2. As of the filing of respondent's motion to dismiss, the state trial court has not ruled on the matter. ECF No. 25 at 2; ECF No. 25-1 at 2; ECF No. 33-1 at 2. Respondent contends that, under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), this court must dismiss petitioner's habeas claims because they implicate pending state criminal proceedings. I agree.

*Younger* abstention is required where: (1) state proceedings are ongoing; (2) the proceeding implicates important state interests; (3) the plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) "the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th. Cir. 2008). Here, the proceedings are ongoing. Criminal proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Petitioner may raise his federal claims by way of the state habeas process after his sentencing his finalized. Finally, rulings on the validity of the underlying conviction in this court might interfere with the ongoing state proceedings.

For his part, petitioner argues that the remand will not address the claims raised in this petition and that the environment in which he is imprisoned is dangerous to his physical and mental health. ECF No. 32 at 2-3. These arguments are unavailing. Federal habeas review is closed to petitioner until his conviction is finalized, regardless of the likelihood that ongoing proceedings will render the relief he seeks. I also reject petitioner's argument that he cannot await resolution of the state court proceedings because the circumstances of his incarceration are dangerous and unpleasant. If such conditions could always establish irreparable harm and circumvent *Younger*, the abstention doctrine would be wholly inapplicable in any litigation

involving prisoners. *See World Famous Drinking Emporium, Inc. v. Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987) ("[F]ederal courts should not enjoin pending state criminal proceedings except under extraordinary circumstances where the danger of irreparable loss is both great and immediate."). Moreover, if petitioner believes that the conditions in which he is confined are violative of his constitutional rights, he may file an action under section 1983.

It is ORDERED that:

1. The Clerk of Court shall substitute Christian Pfeiffer as the respondent in this action.

2. Petitioner's request for clarification, ECF No. 34, is DENIED as moot. The filing he seeks clarification of did not dispose of his claims, it only denied his request for injunctive relief.

3. Petitioner's motion to extend time, ECF No. 37, and motion to amend petition, ECF No. 38, are DENIED as moot. Neither addresses the finality of conviction issue raised by respondents in their motion to dismiss. If these recommendations are not adopted, petitioner may renew his motion to amend petition.

I recommend that respondent's motion to dismiss ECF No. 25, be GRANTED and the petition be dismissed under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971).

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   November 27, 2022                    _____
                                              JEREMY D. PETERSON

3

UNITED STATES MAGISTRATE JUDGE